JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.
Heidi R. Weintraub, Esquire
James E. Burden, Esquire
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ  08043
856-596-4100
Attorney for Plaintiff

| | |
|---|---|
| MEREDITH GREENE,<br><br>               Plaintiff,<br><br>v.<br><br>THE MLB NETWORK, INC.,<br><br>               Defendant. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action<br><br>Civil Action No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Meredith Greene, residing at 9000 Midnight Pass Road, No. 3, Sarasota, Florida, by way of Complaint against Defendant, says:

## NATURE OF THIS ACTION

1.  This is an action to remedy retaliation in violation of the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq.* ("CEPA") and New Jersey Earned Sick Leave Act, N.J.S.A. 34:11D-1, *et seq.* ("ESLA").

## JURISDICTION

2.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds the sum or value of $75,000.00.

## PARTIES

3.  At all times relevant hereto, Plaintiff Meredith Greene ("Plaintiff" or "Ms. Greene") was an employee of MLB Network, Inc. as that term is defined by CEPA, N.J.S.A. 34:19-2(b), and the ESL, N.J.S.A. 34:11D-1.

4. At all times relevant hereto, Defendant MLB Network, Inc. (hereinafter referred to as "Defendant," "MLB," or "the Company") is an American television sports channel dedicated to baseball. MLB is primarily owned by Major League Baseball, with AT&T's WarnerMedia News & Sports, Comcast's NBC Sports Group, Charter Communications, and Cox Communications having minority ownership.

5. At all times relevant hereto, MLB was the Plaintiff's employer as that term is defined by CEPA, N.J.S.A. 34:19-2(a), and the ESL, N.J.S.A. 34:11D-1.

6. At all times relevant hereto, MLB maintained and continues to maintain its corporate headquarters at 40 Hartz Way, Secaucus, New Jersey.

## COUNT ONE

### (Retaliation in Violation of CEPA)

7. On or about January 15, 2016, MLB hired Plaintiff as a makeup artist for on-air personalities and guests. Thereafter, Plaintiff met or exceeded her job performance expectations.

8. During Plaintiff's tenure with MLB, she worked at MLB's Secaucus, New Jersey headquarters.

9. When Plaintiff was initially hired by MLB, she resided in Pennsylvania.

10. In or about August of 2017, Plaintiff relocated from Pennsylvania to her current address in Florida, and thereafter Plaintiff arranged her work schedule in order to allow her to commute to work, at her own expense, from Florida to MLB's Secaucus headquarters.

11. It was well-known throughout the Company that Plaintiff resided in Florida and no one in MLB's management and/or "upper management" ever raised any issue with Plaintiff about her place of residence prior to her termination – at which time MLB falsely claimed that it was

terminating her employment because she did not live within a certain radius of MLB's Secaucus, New Jersey headquarters.

12. The New Jersey Earned Sick Leave Law ("ESLA") requires that MLB pay its employees who work in New Jersey for earned sick leave. Specifically, N.J.S.A. 34:11D-2(a) provides, in pertinent part:

> **Each employer shall provide earned sick leave to each employee working for the employer in the State**. For every 30 hours worked, the employee shall accrue one hour of earned sick leave, except that an employer may provide an employee with the full complement of earned sick leave for a benefit year, as required under this section[.]

(Emphasis added)

13. During Plaintiff's employment with MLB, she worked in MLB's Secaucus, New Jersey headquarters and MLB withheld New Jersey State taxes from Plaintiff's paychecks.

14. During Plaintiff's employment with MLB, Plaintiff was employed in New Jersey by MLB, and thus, was entitled to use and be paid for sick leave pursuant to the ESLA.

15. On or about November 16, 2019, Plaintiff requested that she be paid earned sick leave in accordance with the ESLA.

16. On November 18, 2019, Tim Sullivan, MLB's Vice President of Human Resources, denied Plaintiff's request to use her earned sick leave, falsely claiming that she was not eligible for New Jersey earned sick leave because she resided in Florida.

17. Plaintiff formed a reasonable, objective belief that MLB violated the ESLA by denying her request for her earned sick leave.

18. On November 18, 2019, Plaintiff issued a good-faith, reasonable and objective complaint, in writing, to Tim Sullivan, MLB's Vice President of Human Resources, objecting to MLB's failure to provide her with her earned sick leave in accordance with the ESLA. In her

3

email to Mr. Sullivan, Plaintiff specifically noted that she had spoken to the New Jersey Department of Labor about this issue.

19. Mr. Sullivan falsely claimed that Plaintiff was not entitled to earned sick leave because she resided in Florida. This explanation was knowingly false because during her employment with MLB, Plaintiff worked exclusively at MLB's Secaucus, New Jersey headquarters and was a New Jersey employee of the company.

20. Plaintiff's November 18, 2019 email to Mr. Sullivan constituted protected conduct under CEPA.

21. Thereafter, on or about November 26, 2019, Plaintiff again objected to MLB's denial of her New Jersey Earned Sick Leave. In her email to Alicia Hayden, an HR Representative, Plaintiff advised Ms. Hayden that she had spoken to both the New Jersey Department of Labor and an attorney regarding this issue.

22. Plaintiff's November 26, 2019 email to Ms. Hayden constituted protected conduct under CEPA.

23. Shortly after Plaintiff objected to what she reasonably and objectively believed to be illegal conduct by MLB in denying her the ability to use her earned sick leave in accordance with the ELSA, on or about March 11, 2020, MLB terminated Plaintiff's employment.

24. MLB falsely claimed that it was terminating Plaintiff's employment because she lived too far from MLB's offices. This stated reason was knowingly false and was a pretext designed to cover-up the true reason for her termination, i.e., retaliation in violation of CEPA.

25. Defendant, with malice or willful or wanton disregard of Plaintiff's rights, have taken the aforementioned retaliatory action against the Plaintiff in violation of N.J.S.A. 34:19-3.

26. As a result of MLB's actions, Plaintiff has suffered and continues to suffer severe mental anguish, humiliation, pain, distress, physical injury, reputational damage, damage to her career path, and loss of earning and other employment benefits.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for compensatory damages, punitive damages, attorneys' fees, enhanced attorneys' fees, costs of suit, together with such other relief as is deemed to be just and equitable by the Court.

### COUNT TWO

### (Retaliation in Violation of the Earned Sick Leave Act)

27. Plaintiff hereby incorporates the preceding paragraphs as though set forth at full herein.

28. The New Jersey Earned Sick Leave Act ("ESLA") requires that MLB pay its employees for earned sick leave. Specifically, N.J.S.A. 34:11D-2(a) states, in pertinent part:

> Each employer shall provide earned sick leave to each employee working for the employer in the State. For every 30 hours worked, the employee shall accrue one hour of earned sick leave, except that an employer may provide an employee with the full complement of earned sick leave for a benefit year, as required under this section[.]

29. During Plaintiff's employment with MLB, she worked in MLB's Secaucus, New Jersey headquarters and MLB withheld New Jersey State taxes from Plaintiff's paychecks.

30. During Plaintiff's employment with MLB, Plaintiff was an employed in New Jersey and was entitled to sick leave pursuant to the ESLA.

31. As set forth above, Plaintiff asked MLB to use her New Jersey earned sick leave.

32. MLB denied Plaintiff's request to use her New Jersey earned sick leave, falsely claiming that Plaintiff was not entitled to the earned sick leave because she resided in Florida.

33. As set forth above, Plaintiff objected to MLB's denial of her ability to use her earned sick leave.

34. <u>N.J.S.A.</u> 34:11D-4(a) prohibits an employer, like MLB, from retaliating against an employee "because the employee requests or uses earned sick leave . . . ."

35. Defendant retaliated against Plaintiff for requesting her earned sick leave by terminating her employment on March 11, 2020.

36. As a result of MLB's actions, Plaintiff has suffered and continues to suffer severe mental anguish, humiliation, pain, distress, physical injury, reputational damage, damage to her career path, and loss of earning and other employment benefits.

37. As a direct and proximate result of the Defendants' knowing violation of Plaintiff's rights under the ESLA, Plaintiff has sustained economic losses, severe emotional distress, physical injury, humiliation, embarrassment, mental anguish and loss of personal dignity.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly, severally, and in the alternative for compensatory damages, punitive damages, attorneys' fees, enhanced attorneys' fees, costs of suit, together with such other relief as is deemed to be just and equitable by the Court.

JAVERBAUM WURGAFT HICKS
KAHN WIKSTROM & SININS, P.C.

By: */s/ James E. Burden*
    JAMES E. BURDEN

By: */s/ Heidi R. Weintraub*
    HEIDI R. WEINTRAUB

Dated: January 5, 2021

## **DEMAND TO PRESERVE EVIDENCE**

All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defense to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook).

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues and claims.

JAVERBAUM WURGAFT HICKS<br>
KAHN WIKSTROM & SININS, P.C.<br><br>
By: /s/ James E. Burden<br>
JAMES E. BURDEN<br><br>
By: /s/ Heidi R. Weintraub<br>
HEIDI R. WEINTRAUB

Dated:  January 5, 2021